IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BURNS,
and DEBRA KENTON,

Plaintiffs,

v.

St. CLAIR COUNTY
HOUSING AUTHORITY,

Defendant.                                    No. 08-0258-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiffs' objections to and request for appeal of Magistrate Judge's Order of October 29, 2008, regarding Production of tax returns (Doc. 25). Specifically, Plaintiffs object to Magistrate Judge Frazier's Order requiring Plaintiffs to produce copies of their tax returns from 2003 to the present. Plaintiffs maintain that evidence of their income prior to the cessation of their employment with Defendant is not relevant to any issues in the case and that Defendant does not have a compelling need for the tax returns after their employment ended because they have provided evidence of their earnings from other sources. Based on the following, the Court overrules Plaintiffs' objections.

> **Local Rule 73.1(a)** provides:
>
> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge.

> Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer***, **470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at * 1 (N.D. Ill. 1988)**.

The Court finds that Plaintiffs have not established that Judge Frazier's Order was clearly erroneous or contrary to the law. In fact, the Court agrees with

Judge Frazier's Order. Both Plaintiffs are claiming lost wages. Thus, the tax returns are relevant to verify Plaintiffs' earnings since their employment ended with Defendant and to verify Plaintiffs' earnings while employed with Defendant. The tax returns are necessary to show the stream of their income during and after their employment for comparison.

Accordingly, the Court **OVERRULES** Plaintiffs' objections to and request for appeal of Magistrate Judge's Order of October 29, 2008, regarding production of tax returns (Doc. 25). The Court **AFFIRMS** Judge Frazier's October 29, 2008 requiring Plaintiffs to produce their tax returns (Doc. 23).

**IT IS SO ORDERED.**

Signed this 6th day of November, 2008.

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**